# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Donald Gay,<br><br>      Plaintiff,<br>v.<br><br><br>LLOYD J. AUSTIN III,<br>SECRETARY,<br>U.S. DEPARTMENT OF DEFENSE,<br><br>      Defendant. | Civil Action No.<br><br><br><br>Jury Trial Demand |

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

### I. Preliminary Statement

1. This action seeks actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the disability discrimination, and reprisal and harassment suffered by Plaintiff Donald Gay ("Mr. Gay") in his treatment by Defendant.

### II. Jurisdiction

2. This action is brought for disability discrimination, reprisal and

       harassment under American with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected activities.

3. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about October 10, 2019, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about November 7, 2019. *See Formal Complaint attached.*

5. Plaintiff received the Decision and Order Entering Judgment on April 22, 2022, based on 29 CFR 1614.407 which grants Plaintiff the right to file an individual complaint after 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken. *See Decision and Order of Dismissal*

*attached*.

6. Plaintiff was informed that he had a right to file a civil action, within ninety (90) calendar days from the date he received the decision. He files this action timely.

### III. Venue

7. This action properly lies in the United States District Court for the Middle District of Georgia, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. Parties

8. Plaintiff was a Store Worker (WG-6914-04) with the Department of Defense Commisary Agency ("DeCA") in Dougherty County, GA at all relevant times.

9. Plaintiff is a resident of Leesburg, GA and is a citizen of the United States.

10. The Defendant is a federal government agency and has offices throughout the United States, including in Dougherty County,

Georgia. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

V. Facts

11. Plaintiff was a Store Worker with the DOD Commissary Agency in Albany, GA, and he occupied that position and with the Agency for one year and eleven months. Plaintiff was a full time employee of DeCA at all times relevant to this complaint.

12. Plaintiff's first-line supervisor was Azalea Fluellen, Assistant Grocery Department Manager.

13. Plaintiff's second-line supervisor was Lawrence Few, Grocery manager.

14. Plaintiff's third-line supervisors were Isaiah Blackmon, Store Manager and Sandra Vaughn, Store Director.

15. Defendant's actions damaged Plaintiff and his reputation.

16. Defendant is liable for its actions.

17. In October 2018, Plaintiff engaged in protected activity when he reported that he had been sexually harassed by a store manager.

18. On October 29, 2018, Plaintiff made initial contact with with the EEO office, reporting sexual misconduct/harassment by Ms. Tonya Landry, former Store Manager.

19. In his statement, Plaintiff asserted that Ms. Landry grabbed him below the belt.

20. Plaintiff further alleged that before grabbing him, Ms. Landry asked Plaintiff to accompany her into the walk in cooler. Once in the cooler, Ms. Landry swung her right hand past his groin and asked, "Are we good?"

21. Ms. Vaughn investigated Plaintiff's report of sexual harassment.

22. Around March 2019, Ms. Vaughn berated Plaintiff in front of a coworker, and told Plaintiff to shut up, do [his] job, and go home.

23. Around May 2019, Ms. Vaughn got into Plaintiff's face, began hitting her hands together, and said "How many times do I have to tell you to shut your mouth?"

24. On September 25, 2019, after a department meeting, Ms. Vaughn and Mr. Blackmon requested to meet with Plaintiff. Plaintiff requested to have a union representative present at that meeting.

      Ms. Vaughn denied that request, stating that the union representative was not available.

25. On September 25, 2019, after a verbal disagreement between Plaintiff and Mr. Blackmon, Mr. Blackmon told Plaintiff that if Plaintiff ever called him out again in the future, Mr. Blackmon would personally terminate Plaintiff.

26. On or around September 25, 2019, Mr. Blackmon threatened employees with suspension if they did not write statements against Plaintiff regarding the verbal altercation that had occurred between Plaintiff and Mr. Blackmon.

27. On or around September 26, 2019, Mr. Blackmon changed Plaintiff's work schedule without allotting Plaintiff the customary two week notice of the change.

28. During the Plaintiff's employment, Mr. Blackmon was aggressive toward Plaintiff, and referred to himself as the "Head Nigga In Charge."

29. Mr. Blackmon harassed Plaintiff by telling Plaintiff's wife that if Plaintiff filed an EEO complaint against Mr. Blackmon, "nothing would happen" and Mr. Blackmon would look forward to firing Plaintiff.

30. On or around October 23, 2019, Mr. Blackmon required the Plaintiff to ask permission to use the restroom.

31. On November 7, 2019, Plaintiff was terminated from his position as Store Worker during the probationary period. The termination was wrongful.

## VI. Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment).

32. Plaintiff incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

33. Any employment actions were not free from discrimination based on race and/or were because of race.

34. The harassment was severe and/or pervasive.

35. The harassment was based on race.

36. The harassment was unwelcome.

37. The harassment caused Plaintiff damages for which Defendant is responsible.

38. Defendant subjected Mr. Gay to race discrimination and race-based harassment in violation of Title VII, causing Mr. Gay damages.

VII. **Count II: Violation of Title VII of the Civil Rights Act of 1964 based on gender (harassment and disparate treatment).**

39. Mr. Gay incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

40. Any employment actions were not free from discrimination based on gender and/or were because of gender.

41. The harassment was severe and/or pervasive.

42. The harassment was based on gender.

43. The harassment was unwelcome.

44. The harassment caused Plaintiff damages for which Defendant is responsible.

45. Defendant subjected Mr. Gay to gender discrimination and gender-

based harassment in violation of Title VII, causing Mr. Gay damages.

## VIII. Count III: Violation of American with Disabilities Act (ADA) – Harassment and Disparate Treatment

46. Plaintiff incorporates by reference the proceeding paragraphs of his complaint as if fully set forth herein.

47. Plaintiff is a qualified individual with disabilities, specifically, Post Traumatic Stress Disorder (PTSD).

48. Plaintiff is member of a protected class.

49. Defendant was aware of Plaintiff's disability.

50. Plaintiff was qualified to perform his duties as a Store Worker.

51. Any employment actions were not free from discrimination based on disability and/or were because of disability.

52. The harassment was severe and/or pervasive.

53. The harassment was based on disability.

54. The harassment was unwelcome.

55. The harassment caused Plaintiff damages for which Defendant is responsible.

56. Defendant subjected Mr. Gay to disability discrimination and disability-based harassment in violation of Title VII, causing Mr.

Gay damages.

**Count IV: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal (harassment and disparate treatment).**

57. Any employment actions were not free from discrimination based on protected activity and/or were because of protected activity.

58. The harassment was severe and/or pervasive.

59. The harassment was based on protected activity.

60. The harassment was unwelcome.

61. The harassment caused Plaintiff damages for which Defendant is responsible.

62. Defendant subjected Mr. Gay to reprisal and retaliatory harassment in violation of Title VII, causing Mr. Gay damages.

**Prayer for Relief**

63. Wherefore, Plaintiff prays that this Court:

    a.  declare the conduct engaged from the Defendant to be in violation of his rights;

    b.  enjoin the Defendant from engaging in such conduct;

  c.  award Mr. Gay actual and compensatory damages;

  d.  award Mr. Gay costs and attorney's fees; and

  e.  grant such other relief as it may deem just and proper

### Jury Demand

64. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

**SOUTHWORTH, P.C.**

_____
Shaun Southworth, Esq.
Georgia Bar No. 959122
Southworth P.C.
1100 Peachtree Street NE, Suite 200
Atlanta, GA 30309
Phone: (404) 585-8095
Fax: (404) 393-4129
shaun@southworthpc.com